IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MILTON WILLIAMS,
    *Plaintiff*,

v.

JOHN STERN, *et al.*,
    *Defendants*.

Civil Action No.
25-cv-2276-ABA

**MEMORANDUM OPINION AND ORDER**

    Self-represented Plaintiff Milton Williams filed a complaint against John Stern as C.F.O. of U.S. Bank National Association, Keith Yacko, and the State of Maryland. ECF No. 1. In the complaint, Williams claimed that this Court had diversity jurisdiction over the case. *Id*. § II. The Court ordered Williams to show cause as to why the Court has subject-matter jurisdiction since Williams and Defendant Yacko both appear to be citizens of Maryland. ECF No. 3; ECF No. 1 §§ I, II(B). Williams filed a response in which he does not clarify his initial pleading of diversity jurisdiction but instead cites to 28 U.S.C. § 1346(a) and 28 U.S.C. § 1491 as the basis for jurisdiction. ECF No. 4 at 2. Williams argues that 28 U.S.C. § 1346 granted the United States Court of Federal Claims and the United States District Courts concurrent jurisdiction over claims arising under the Constitution such as under the takings clause of the Fifth Amendment. *Id*. Williams's argument fails for two reasons: (1) both the statutes Williams cites only apply to claims filed against the United States and the United States is not a defendant in this case; and (2), to the extent Williams is attempting to make a claim for federal question jurisdiction under 28 U.S.C. § 1331, the complaint does not include any claim under the Fifth Amendment or any other part of the Constitution or any other federal law.

1

28 U.S.C. 1346 is entitled "United States as defendant" and specifies in each provision that it applies only to civil actions or claims "against the United States." Similarly, 28 U.S.C. § 1491 is entitled "Claims against the United States generally" and each section relates to claims against the United States or its agencies. Williams's complaint only lists three Defendants and the United States is not one of them. ECF No. 1. To the extent there is any ambiguity regarding the U.S. Bank National Association, the U.S. Bank is a financial services company that is the subsidiary of U.S. Bancorp, which is a publicly traded company, not an agency of the United States Government. Therefore, the Court does not have subject-matter jurisdiction under either of these statutes.

Even if the Court were to read into Williams's mention of jurisdiction over claims arising under the takings clause of the Fifth Amendment as an attempt to argue for federal question jurisdiction under 28 U.S.C. § 1331, the complaint makes no mention of a constitutional claim. The statement of claim in the complaint consists of the following statement: "mortgage fraud, emotional stress damage my personal credit" and lists two related cases. ECF No. 1 § III. There is no statement of claim related to any constitutional rights. Therefore, the Court does not have subject-matter jurisdiction under federal question jurisdiction.

Given that Williams failed to provide any clarification related to diversity of citizenship, the Court cannot conclude that it has subject-matter jurisdiction under diversity jurisdiction, 28 U.S.C. § 1332, either.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, "[e]ven *pro se* litigants [must] state their claims in a[n] understandable and efficient

manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, as the Court explained to Williams in the order to show cause, federal courts are courts of limited jurisdiction and must ensure that they have subject-matter jurisdiction in any case. *See* ECF No. 3 at 1 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)). Because questions of subject-matter jurisdiction relate to the Court's authority to hear the case, these questions must be resolved before the Court may turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal citation and quotation marks omitted).

## ORDER

Because the Court lacks subject-matter jurisdiction, Williams's complaint is DISMISSED without prejudice. The Clerk of Court shall mark the case as CLOSED.

Date:  October 23, 2025               _____/s/_____
                                       Adam B. Abelson
                                       United States District Judge